UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES LEBLANC                                              CIVIL ACTION

VERSUS                                                       NUMBER: 16-14585

LOUISIANA STATE LAW DESISHNIST                               SECTION: "G"(5)
& REPZINUTIVES

**REPORT AND RECOMMENDATION**

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* by *pro se* Plaintiff, Charles Leblanc, against Defendants, the "Louisiana State Law Desishnist & Repzinutives." (Rec. doc. 1, pp. 1, 4).

Plaintiff is an inmate of the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. (Rec. doc. 1, p. 3). In the "[s]tatement of [c]laim" portion of the complaint that he filed herein, Plaintiff essentially alleges that he was wrongfully incarcerated and labeled an inmate before being found guilty of a crime in a court of law. (*Id.* at p. 5). In his prayer for relief, Plaintiff seeks the "... Complet[e] Grantment of the English Common Law System." (*Id.* at p. 6).

Initially, the Court is required to examine Plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of *habeas corpus* even though the facts of the complaint might otherwise be sufficient to state a claim under §1983. *Caldwell v. Line*, 676 F.2d 494 (5th Cir. 1982); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for federal *habeas corpus* relief, exhaustion of state court remedies is required, a

requirement that applies to both pre-trial and post-conviction *habeas* proceedings. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.) *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal *habeas corpus* relief were previously presented to the state's highest court in a procedurally proper fashion. *Knox v. Butler*, 884 F.2d 849, 852 n. 7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 827 F.2d 699, 702 (5th Cir. 1988).

Plaintiff's allegations – that he was wrongfully incarcerated before being adjudicated guilty in a court of law – challenge the fact and duration of his confinement which must initially be pursued on *habeas corpus* grounds, but only after he has exhausted available state court remedies with respect to them. *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994); *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986). In that regard, Plaintiff indicates on the face of his complaint, in answer to question No. I(A) of the standardized §1983 complaint form, that he has not initiated any other lawsuits, in state or federal court, "… dealing with the same facts involved in this action or otherwise relating to [his] imprisonment." (Rec. doc. 1, p. 2). Accordingly, insofar as the instant matter can be construed as a request for federal *habeas corpus* relief, it should be dismissed without prejudice for failure to exhaust available state court remedies. *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any viable §1983 claims are raised by Plaintiff's complaint, a task that is admittedly made more difficult by virtue of the style of pleading that he employs. At the outset, the precise identities of the Defendants that Plaintiff

attempted to name in this proceeding are not readily apparent to the Court. To the extent that Plaintiff attempted to name as Defendants legislators from the State of Louisiana in connection with their activities leading to the passage of rules of criminal law and procedure, such officials are entitled to Eleventh Amendment and absolute legislative immunity. *Hall v. Louisiana*, 974 F.Supp.2d 944, 952-57 (M.D. La. 2013)(and cases cited therein). To the extent that Plaintiff attempted to name as Defendants herein officials whose job it is to enforce the laws of the State, those officials enjoy absolute prosecutorial immunity. *McGee v. Krebs*, No. 15-CV-065, 2015 WL 7290965 at *3 (S.D. Miss. Nov. 18, 2015). Otherwise, because personal involvement is an essential element of a civil rights cause of action, *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), in order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrates the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff's sparse allegations in this case fail to provide that required illumination. Finally, "[w]hen a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp.2d 877, 888-89 (E.D. La. 2008). On that score, neither states nor state officials acting in their official capacity are considered to be "persons" within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985). The novel relief that Plaintiff seeks is also foreign to the Court. For these reasons, any §1983 claims raised by Plaintiff's complaint should be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i). *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). *See also* 28 U.S.C. §1915A(b); 42 U.S.C. §1997e(c).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint, insofar as it can be construed as a request for federal *habeas corpus* relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that any §1983 claims raised by Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this 21st day of October, 2016.

  
_____  
MICHAEL B. NORTH  
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.